**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JAMES CASTLE,**

                **Plaintiff,**           **1:13-cv-543**
                                             **(GLS)**

        **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**

_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Law Offices of Steven R. Dolson     MAGGIE W. MCOMBER, ESQ.
126 North Salina Street, Suite 3B
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     SANDRA M. GROSSFELD
United States Attorney              Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

## <u>MEMORANDUM-DECISION AND ORDER</u>

# I. Introduction

Plaintiff James Castle challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Castle's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

# II. Background

On March 30 and April 4, 2011, Castle filed applications for SSI and DIB, respectively, under the Social Security Act ("the Act"), alleging disability since August 8, 2009.  (Tr.[1] at 66-67, 115-24.)  After his applications were denied, (*id.* at 69-76), Castle requested a hearing before an Administrative Law Judge (ALJ), which was held on April 23, 2012, (*id.* at 24-59, 77-78).  On May 14, 2012, the ALJ issued an unfavorable decision denying the requested benefits which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*Id.* at 1-4, 8-23.)

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 8.)

Castle commenced the present action by filing his complaint on May 10, 2013 wherein he sought review of the Commissioner's determination. (Compl.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (Dkt. Nos. 7, 8.)  Each party, seeking judgment on the pleadings, filed a brief.  (Dkt. Nos.10, 16.)

## III.  Contentions

Castle contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.  (Dkt. No. 10 at 2-6.) Specifically, Castle claims that the ALJ erred in determining that there is work in the national economy that he is capable of performing.  (*Id.*)  The Commissioner counters that the appropriate legal standards were used by the ALJ and her decision is also supported by substantial evidence.  (Dkt. No. 16 at 7-12.)

## IV.  Facts

The court incorporates the factual recitations of the parties and the ALJ.  (Dkt. No. 10 at 1-2, Dkt. No. 16 at 1; Tr. at 11-19.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g)[2] is well established and will not be repeated here.  For

a full discussion of the standard and the five-step process by which the

Commissioner evaluates whether a claimant is disabled under the Act, the

court refers the parties to its previous decision in *Christiana v. Comm'r of*

*Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y.

Mar. 19, 2008).

## VI.  Discussion

### A.    Other Work

Castle argues that the ALJ's decision "is not supported by substantial

evidence because the ALJ failed to properly assess [Castle's] manipulative

limitations in her" residual functional capacity (RFC)[3] analysis.  (Dkt. No. 10

at 2-6.)  Although imprecisely stated, the essence of Castle's argument is

that his manipulative limitations are more restrictive than the ALJ

concluded at step five when she determined that Castle is able to perform

---

[2] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical.  As such, parallel citations to the regulations governing SSI are omitted.

[3] A claimant's RFC "is the most [he] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.  *Id.* § 404.1545(a)(3).  An ALJ's RFC determination must be supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g).  If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

4

essentially the full range of sedentary work.  (*Id.*)  In other words, according to Castle, given his limited ability to use his right hand, the ALJ erred in failing to consult a vocational expert (VE) to determine whether there is other work in the national economy which he is capable of performing.  (*Id.* at 4-5.)  The Commissioner, on the other hand, argues that substantial evidence[4] supports the ALJ's determination with respect to Castle's ability to use his right hand and that Castle's nonexertional limitations have little or no effect on the occupational base of unskilled sedentary work.  (Dkt. No. 16 at 7-12.)

Here, the ALJ determined that Castle retains the RFC to perform sedentary work,[5] except that he can push and pull up to fifteen pounds, occasionally bend and stoop, and must avoid work that requires climbing, or heights.  (Tr. at 14.)  Further, the ALJ concluded that Castle cannot perform overhead lifting with his right upper extremity and can occasionally

---

[4] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

[5] "Sedentary work" is defined as: "lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

to frequently,[6] but not continuously, finger, feel, and handle with his right hand.  (*Id.*)  In making this determination, the ALJ relied on the examination results and opinions of treating physician Matthew Adamo and consultative examiner Joseph Prezio.  (*Id.* at 15-17, 239-42, 347-48, 354-62.)  Further, the ALJ considered Castle's employment until September 2009—more than one month after his alleged onset date—at which time he was incarcerated, as well as his performance of work duties while incarcerated.  (*Id.* at 15, 38, 48.)  Additionally, the ALJ noted Castle's daily activities, conservative treatment, and his treating physician's opinion that surgical intervention was not indicated.  (*Id.* at 17, 158-65, 237, 250-52.)  Castle does not challenge the weight the ALJ gave to the opinion evidence, or the ALJ's determination that he can perform occasional to frequent, but not continuous fingering, feeling, and handling with his right hand.  (*See generally* Dkt. No. 10 at 3-6.)  Instead, Castle argues that, given that most sedentary work requires good use of both hands, the ALJ was required to consult a VE before making a determination as to disability.  (*Id.* at 4-5.)

---

[6] "Frequent" is defined under the regulations as occurring from one-third to two-thirds of the time, while "occasional" refers to activity that occurs up to one-third of the time.  SSR 83-10, 1983 WL 31251, at *5-6 (1983).

In making his ultimate disability determination, the ALJ must consider whether the claimant can do any other, less demanding work existing in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c); *White v. Sec'y of Health & Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990). To make such a determination, an ALJ may rely on the Medical-Vocational Guidelines, referred to as "the grids," found in 20 C.F.R. pt. 404, subpt. P, app. 2, as long as the claimant's age, education, work experience, and RFC coincide with the criteria of a rule contained in those Guidelines. *See* 20 C.F.R. § 404.1569; *see also Calabrese v. Astrue*, 358 F. App'x 274, 275 n.1 (2d Cir. 2009). However, "if a claimant's nonexertional impairments 'significantly limit the range of work permitted by his exertional limitations' then the grids obviously will not accurately determine disability status because they fail to take into account claimant's nonexertional impairments." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (quoting *Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir. 1983)). In that case, the ALJ should consult with a VE before making a determination as to disability. *See id.* However, "the mere existence of a nonexertional impairment does not automatically require the production of a [VE] nor preclude reliance on the guidelines." *Id.* at 603. Instead, exclusive

reliance on the grids will only be deemed inappropriate where the nonexertional impairments "*significantly* limit the range of work permitted by his exertional limitations."  *Id.* at 605 (emphasis added) (internal quotation marks and citation omitted).

In this case, at step five, the ALJ concluded that Castle's nonexertional limitations have little or no effect on the occupational base of unskilled sedentary work, and, thus, a finding of not disabled is directed by the grids.  (Tr. at 198.)  Relying on Social Security Ruling 96-9p, Castle argues that the ALJ's determination was in error.  (Dkt. No. 10 at 3-5.)  The ruling states that "[a]ny significant manipulative limitation of an individual's ability to handle and work with small objects with *both hands* will result in a significant erosion of the unskilled sedentary occupational base," and that "when the limitation is less significant, . . . it *may* be useful to consult a vocational resource."  SSR 96-9p, 61 Fed. Reg. 34,478, 34,482 (July 2, 1996) (emphasis added).  Thus, SSR 96-9p does not require that the ALJ call upon the services of a VE in every case.  *Id.*  The ultimate inquiry in a case such as this one is whether the claimant's manipulative limitations significantly limit the range of sedentary work.  *Id.*  Therefore, the ALJ rendered her decision in accordance with applicable law.  (Tr. at 18); *see*

*Bapp*, 802 F.2d at 605 ("[A]pplication of the grid guidelines and the necessity for expert testimony must be determined on a case-by-case basis.").

Moreover, the ALJ's determination that Castle's manipulative limitations have little or no effect on the occupational base of sedentary work is supported by substantial evidence, as the medical evidence of record indicates a very minor limitation in Castle's ability to use his right hand. (Tr. at 18.) Specifically, upon examination in July 2009, Castle possessed 5/5 strength in his bilateral upper extremities and strong and equal hand grips. (*Id.* at 205-06.) In May 2011, Dr. Adamo examined Castle and found 5/5 muscle strength in his bilateral upper extremities including his hand grips. (*Id.* at 237.) Dr. Prezio examined Castle in June 2011 and found that his hand and finger dexterity were intact, but his grip strength was reduced in his right hand to 4/5. (*Id.* at 241.) However, Castle was able to zip, button, and tie, and Dr. Prezio opined that he suffered only a "very mild restriction" for activities requiring fine manipulation of his right hand. (*Id.* at 241-42.) In July 2011, Dr. Adamo again noted that Castle had 5/5 muscle strength in his upper extremities including his hand grips. (*Id.* at 356-57.) Treatment notes from later that

month indicate that Castle had "equal strength and mobility" in his upper and lower extremities. (*Id.* at 287.) On several occasions, Dr. Adamo opined that Castle was moderately limited in his physical functioning, including his ability to use his hands. (*Id.* at 345-48, 361-62.) In sum, based on the court's review of the record, substantial evidence supports the ALJ's determination—that Castle's ability to use his right hand occasionally to frequently, but not continuously, for handling, feeling, and fingering did not significantly effect the occupational base of unskilled sedentary work—and, thus, her reliance on the grids was appropriate. *See Bapp*, 802 F.2d at 605.

## B.    Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Castle's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 29, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court